***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Accordingly, the Full Commission affirms, with minor modifications, the Opinion and Award of Deputy Commissioner Griffin.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. The date of the injury, which is the subject of this claim, is April 29, 2008.
2. On said date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On said date, an employer-employee relationship existed between plaintiff and defendant-employer.
4. On said date, defendant-employer employed three or more employees.
5. Defendant-Employer is self-insured.
6. Plaintiff's average weekly wage is $601.62.
7. Defendants accepted plaintiff's sprained left hip and thigh claims pursuant to a Form 60 for her April 29, 2008 injury.
 ***********
The following were submitted to the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Stipulated Exhibit Number 2, Medical Records, which were supplemented post-hearing, Industrial Commission Forms, Plaintiff's Responses to Defendant's First Set of Interrogatories and Personnel File
3. Stipulated Exhibit Number 3, Form 22 Statement of Wages with supporting documentation
4. Plaintiff's Exhibit Number 1, Photograph of Plaintiff's Personal Driveway admitted into evidence for illustrative purposes only *Page 3 
5. Defendant's Exhibit Number 1, Correspondence dated January 14, 2010 regarding Subrogation
 *********** ISSUES
1. Whether plaintiff's right shoulder injury is causally related to her compensable injury of April 28, 2008?
2. If so, what additional benefits, if any, is plaintiff entitled to receive?
3. Whether defendant is entitled to a lien against any third-party claim related to plaintiff's claim pursuant to N.C. Gen. Stat. § 97-10.2?
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Full Commission, plaintiff was 49 years old.
2. In April of 2004, the Department of Transportation in the Division of Motor Vehicles hired plaintiff. On June 3, 2007, plaintiff transferred to the Division of Highway Maintenance as a Transportation Technician I, a surveyor.
3. On April 29, 2008, plaintiff was climbing down an embankment to drive a white top stake when she slipped and fell down the embankment, injuring her knee. Defendant accepted plaintiff's injury on a Form 60. Defendant has provided compensation and medical benefits related to plaintiff's compensable left knee injury. *Page 4 
4. Dr. Thomas Osteen of Orthopaedic Surgery Center provided medical treatment for plaintiff's left knee. After a period of conservative treatment, Dr. Osteen performed an anterior cruciate ligament reconstruction in June of 2008.
5. Following surgery, plaintiff participated in a course of physical therapy. She continued to experience shooting pain and weakness in the knee. On December 3, 2008, plaintiff underwent a Functional Capacity Evaluation and was released to the light-medium physical demand level. Plaintiff was unable to return to work as a surveyor, but did return to work as office manager for defendant-employer. As of the date of the hearing before the Deputy Commissioner, plaintiff remained on sedentary work restrictions of no stooping, squatting or bending more than one hour per day, and no walking on uneven terrain.
6. On May 11, 2009, plaintiff walked into her carport and prepared to get into her personal vehicle and drive to work. She opened the door to her personal vehicle and placed her right leg into the vehicle. At that time, Plaintiff's left knee buckled causing plaintiff to fall to the ground. Plaintiff's body from the waist down hit concrete, and her upper body, including her right shoulder, impacted gravel and grass. Plaintiff was initially concerned about her hip and the resulting contusion. However, she soon realized she had limited use of her right arm and loss of strength in that extremity.
7. On May 11, 2009, plaintiff presented to Stanley Medical Center for right foot, hip and shoulder pain with an onset following a fall when her left leg gave way. She was diagnosed with a contusion to the hip and foot and a shoulder sprain. It was noted that plaintiff's right shoulder had limited abduction and limited external rotation.
8. Plaintiff presented to Dr. Osteen on May 15, 2009 and reported continued left knee pain without relief. She also reported falling secondary to her left knee giving out four days *Page 5 
prior. Dr. Osteen did not provide any treatment for plaintiff's right shoulder because it was denied by workers' compensation. Plaintiff last treated with Dr. Osteen on June 12, 2009. At that appointment, Dr. Osteen discussed the possibility of total knee arthroplasty.
9. On May 22, 2009, plaintiff presented to Dr. Michael Meighen, a board-certified specialist in physiatry and pain management, for an evaluation of her right shoulder. Dr. Meighen recommended an MRI scan of the right shoulder, which revealed a full thickness tear of plaintiff's supraspinatus tendon with minimal retraction. Dr. Meighen diagnosed plaintiff with a torn rotator cuff, and referred plaintiff to his colleague, Dr. Mark Jasmine, for a surgical consultation.
10. On June 25, 2009, Dr. Jasmine performed arthroscopic rotator cuff repair on plaintiff's right shoulder. Following the surgery, Dr. Jasmine continued to treat plaintiff's right shoulder. On October 23, 2009, Dr. Jasmine noted that plaintiff could perform a moderate amount of her usual work duties with no significant overhead use, lifting, or straining with weights exceeding 20 to 25 pounds. Dr. Jasmine noted that plaintiff was still written out of work due to her compensable left knee injury as of October 23, 2009. Dr. Jasmine last evaluated plaintiff in December 2009. He anticipated that plaintiff would reach maximum medical improvement nine to twelve months post-surgery, however, plaintiff has not returned for further evaluation.
11. Based on his examinations and treatment of plaintiff's knee, as well as the condition of her knee, Dr. Osteen opined that plaintiff's knee probably gave away as she reported on May 11, 2009.
12. The Full Commission has reviewed and carefully weighed all the evidence of record, including plaintiff's uncontradicted testimony as well as the medical records. Plaintiff *Page 6 
consistently reported to the medical providers falling and impacting her right shoulder at her home when her left knee gave way. Dr. Osteen opined that plaintiff's knee probably gave way as she reported. The Full Commission finds that plaintiff's testimony regarding the May 11, 2009 fall is credible.
13. Dr. Meighen opined that plaintiff's fall on May 11, 2009 caused her right shoulder rotator cuff tear.
14. Plaintiff did not report any prior pain or symptoms associated with the right shoulder. Plaintiff's pain and decreased flexibility of the right arm developed after she fell and landed on her right shoulder. Based on this information, Dr. Jasmine opined that plaintiff had preexisting disease in the right rotator cuff, which was worsened by the May 11, 2009 fall.
15. Based upon the greater weight of the evidence of record, the Full Commission finds that plaintiff's May 11, 2009 fall is the direct and natural result of her compensable April 29, 2008 injury.
16. Based upon the greater weight of the medical evidence of record, the Full Commission finds that plaintiff's preexisting right shoulder condition was materially accelerated or aggravated by the May 11, 2009 fall, necessitating right arthroscopic rotator cuff repair.
17. Plaintiff filed a claim with her personal automobile insurance company, State Farm Insurance, for her right shoulder injury of May 11, 2009. Plaintiff received $2,000.00 in insurance proceeds. In this case, there is no third-party tort-feasor whose negligence has contributed to plaintiff's injury. Defendant is not entitled to subrogation rights as provided by N.C. Gen. Stat. § 97-10.2, which "applies only to persons who are strangers to the employment and negligently cause an injury." *Page 7 
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following: CONCLUSIONS OF LAW
1. On May 11, 2009, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer when she fell after her left knee gave way, causing a material acceleration or aggravation of a preexisting but non-disabling right shoulder condition, leading to disability. N.C. Gen. Stat. § 97-2(6).
2. In order for plaintiff's right shoulder condition to be compensable, plaintiff must prove that her right shoulder condition is a "direct and natural result of the prior compensable injury."Vandiford v. Stewart Equip. Co.,98 N.C. App. 458, 461, 391 S.E.2d 193, 195 (1990) (citingStarr v. Charlotte Paper Co.,8 N.C. App. 604, 610, 175 S.E.2d 342, 347 (1970)). In the instant case, plaintiff has met this burden. Heatherly v. MontgomeryComponents, Inc.,71 N.C. App. 377, 379-80, 323 S.E.2d 29, 30 (1984).
3. As a result of her right shoulder condition, plaintiff has been temporarily totally disabled from May 11, 2009, and is entitled to temporary total disability compensation at a rate of $401.10 per week from that date and continuing until plaintiff returns to work or further order of the Commission. N.C. Gen. Stat. § 97-29.
4. As a result of the injury by accident, plaintiff received and is entitled to receive further medical treatment, including treatment for her right shoulder condition, that would effect a cure, give relief or lessen her period of disability, subject to the limitations of N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. § 97-25.
5. Plaintiff received $2,000.00 in insurance proceeds for a claim against her personal automobile insurance company for her right shoulder injury. In this case, there is no third-party *Page 8 
tort-feasor whose negligence has contributed to plaintiff's injury. Thus, defendant is not entitled to subrogation rights as provided by N.C. Gen. Stat. § 97-10.2.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee approved herein, defendant shall pay temporary total disability benefits at the weekly compensation rate of $401.10 beginning May 11, 2009, and continuing until further order of the Commission.
2. Defendant shall pay the medical expenses incurred or to be incurred by plaintiff as a result of her compensable left knee and right shoulder injuries when bills for the same have been submitted in accordance with Industrial Commission procedures.
3. A reasonable attorney's fee of 25% of the compensation due plaintiff in Paragraph 1 is hereby approved for plaintiff's counsel and shall be paid as follows: 25% of the accrued compensation due plaintiff shall be deducted from and paid in one lump sum directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be paid to plaintiff's counsel.
4. IT IS HEREBY ORDERED that within 30 days of this Opinion, defendant shall schedule a return evaluation with Dr. Jasmine to determine plaintiff's current ability to return to any type of employment.
5. Defendant shall pay the costs. *Page 9 
This the 25th day of February, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1